**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 24-4539**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NOROD ARCANE MCCULLOUGH,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Florence. Joseph Dawson, III, District Judge.  (4:16-cr-00876-JD-1)

———————————

Submitted:  June 17, 2025                        Decided:  June 20, 2025

———————————

Before GREGORY, QUATTLEBAUM, and BERNER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Matthew Howard Ellis, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Norod Arcane McCullough appeals the district court's judgment revoking his supervised release and sentencing him to 37 months' imprisonment, followed by six months of supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Although informed of his right to file a pro se supplemental brief, McCullough has not done so. We affirm.

We "review[] a district court's decision to revoke a defendant's supervised release for abuse of discretion." *United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019). A court may revoke a defendant's term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Because McCullough admitted to or did not contest the alleged violations, we conclude that the district court did not abuse its discretion in revoking McCullough's supervised release.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). Thus, we will "affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted). When reviewing whether a revocation sentence is plainly unreasonable, we first determine "whether the sentence is unreasonable at all." *Id.* (internal quotation marks omitted).

2

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," *id.* at 297 (internal quotation marks omitted), and the explanation indicates "that the court considered any potentially meritorious arguments raised by the parties," *United States v. Patterson*, 957 F.3d 426, 436-37 (4th Cir. 2020) (internal quotation marks omitted). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted). A revocation sentence falling within the recommended policy statement range is presumed substantively reasonable. *See United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018).

We conclude that McCullough's revocation sentence is both procedurally and substantively reasonable. In imposing McCullough's sentence, the district court correctly calculated the policy statement range, considered the relevant statutory factors, imposed a sentence within the statutory maximum, and gave sufficiently detailed reasons for its decision. We also conclude that McCullough fails to rebut the presumption of substantive reasonableness accorded to his within-policy-statement-range sentence. *See id.*

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform McCullough, in writing, of the right to petition the Supreme Court of the United States for further review. If McCullough requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McCullough.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
